May it please the Court, Rebecca Pennell here again today representing Pedro Mendoza-Zaragoza. The issue today involves, I think, a novel question of the intersection of two legal principles, one being a defendant's right to plead guilty under Federal Rule of Criminal Procedure 11, so long as he admits all the elements of a crime, and the second being this Court's explanation that under 1326b, to state an offense, there needs to be proof of the sequential nature between a predicate conviction and a deportation. Or at least the date of the removal. It says those things, but there's always a date of removal, whether or not a person has a predicate conviction or not. So when you're looking at the issue from the perspective of what's required to happen under Rule 11, the mere recitation of a date of removal doesn't help explain what you need to admit to. I think that the reference in the case is to the sufficiency of a date of removal has to go to the Fifth Amendment right to have a grand jury find all necessary facts, and that finding may be as to the deportation date. But in setting forth what a person is charged with, the mere recitation of a date of removal doesn't clarify whether or not that is an important element because it's a 1326b case or it's just extraneous explanation of when the deportation occurred. If it's a date of removal, then it's a simple matter of eyeballing to get the sequential relationship with the prior aggravated felony, isn't it? Well, it's not as far as the defendant knowing what the government is seeking to prove at sentencing and what the government would be seeking the person to admit during a change of plea colloquy. And what we're asking for is not very difficult. Do you really want an indictment to allege a prior aggravated felony that goes to the jury? Certainly that has been brought up a lot in the Blakely case and in Booker and Almendar's, Torres. There's been concerns that the government has been very concerned that we don't want this, and we have been asking for it for a long time. The vast majority of cases plead guilty, and I think that people deserve the right to be on notice as to the nature of the charge against them. There are ways of handling these issues should they go to trial. But in this case, if they'd alleged the date and just alleged 1326B instead of just 1326, that at least would have put the defendant on notice that that date wasn't just an extraneous sort of fact explaining when something happened but was a necessary item, not really an element but a functional equivalent of an element. And they didn't do that in this case. And it is not much to ask so that a defendant can know this is what my rights are. I can plead guilty under Rule 11 and admit this or not admit that. And a defendant shouldn't have to perhaps think of, well, I have this conviction. I don't know if they know about it. We shouldn't have to have that obligation to try to figure that out for the U.S. government. But in practical terms, they know these things. They can put these things in the indictments to clarify what a person is charged with, to clarify what the elements are. And for some reason, this hasn't been happening, despite the fact that since Apprendi came out in 2000, there's been some sort of question as to the continuing viability of Almendarez-Torres and the restricted reading that this Court has given. So what is the form indictment you're asking us to do? I think that the preferential indictment would say what Garcia Aguilar, I think that's the most recent case that Judge Kuczynski authored, says that it needs to reference a sequential nature. That's what the really key critical component of the 1326B charges is, the sequential nature. Interesting. So I think the Salazar panel. Correct. I mean, that is exactly, if you were writing the indictment, what would you have it say, that on or about X date, your client committed an aggravated felony and on X date he was deported? It could be worded similar to a felon in possession indictment. And then when that indictment, when it goes to jury trial, that will be read to the jury? It may. In a felon in possession case, if there's stipulations involved, then that can alter the way in which he is. There are stipulations. If there's a stipulation. What you're saying is the government, to preserve its 1326B option, has to pick up the first alternative of Salazar and plead the sequence explicitly including the fact of a prior aggravated felony. I think that's. If there aren't pleas and there aren't stipulations, that will go to the jury. Correct. I think that's the preferential way. But an easier way, too, would be in reference to which statute. In this case, like I said, they just referenced 1326. If there is a combination of putting the date in the indictment and a reference to 1326B, that would also put on notice that that deportation date is not just surplusage, but it's part of the elements of the offense. But I think that for the common person that may not be aware of all the intricacies, that the indictment should spell out what the explicit elements are. Did Mendoza refuse to acknowledge the date of his prior deportations? Initially, during the initial change of date. That's what he refused to do when he entered the conditional guilty plea. Right. Okay. So that was, I mean, that's what this indictment charged. So he wasn't, he was refusing to plead guilty to what this indictment charged. I mean, it strikes me as being very odd. Well, I mean, he refused to say the date. He wasn't asked, I mean, he didn't refuse at that point to acknowledge that he had been convicted of an aggravated felony. Well, just as. He said, I won't tell you the dates that I was deported on. There is case law that we cited in our brief stating that a defendant, if there is extraneous information in an indictment. Extraneous about the date of deportation. This indictment. Either for A or B. The date is not, for A, it doesn't matter when the person, just the fact of deportation. He was willing to admit that, yes, I was deported, but as far as what date. So that, for 1326A, it's not necessary. And I think it's very important. Okay. It wasn't, so it wasn't an A charge. It was a B charge, which is exactly what the district court kept saying. And why he insisted on getting a plea to the indictment. Something that wasn't in the indictment. And our position is that the indictment simply didn't make that clear. Because in an A case, even though it's not an element, certainly a deportation happens on a date. And a lot of times. I read the dialogue. You didn't think anything was clear for whoever was doing this. Because you thought Salazar was going unbanked. Yeah, I'm not sure. It did not go unbanked. I do have a different. Later case. I do have a different perspective than trial counsel does on the issue. Because I do think both Salazar and Calderon-Segura talk about both the date and the sequential nature. Although Garcia-Aguilar then comes out and talks, really focuses on the sequential nature being the identifying feature. And as I've said, I think that the issue is different when you're looking at it from a Rule 11 perspective and a defendant's right to plead guilty. If I can, I'll reserve the remainder of my time. Oh, certainly. Thank you. Mr. Reichman. May it please the Court, Alexander X from on behalf of the appellee United States of America. Your Honor, I should indicate initially that trial counsel at the plea hearing initially indicated that Salazar Lopez was going to go unbanked and then later corrected herself. No, I understand. But she thought she had great hopes. Yes, Your Honor. He or she. And the government's position is that Salazar Lopez means what it says in the body of the opinion, that there are two options that can be pled in the indictment and that they're both necessary and sufficient. That the indictment can contain the date of prior removal, which then allows the appropriate consideration at sentencing under Almendarez-Torres of the prior qualifying aggravated felony, or the temporal relationship can be laid out in the indictment. In this case, we would submit that the first option is the preferred because it avoids the problem of old chief stipulations and the fact of that prior felony being read to the jury. And while it puts one in an odd situation to argue the meaning of the case in front of one of the deciding judges, I believe a fair reading of the case would be that the first option of including that date is preferred because it's indicated and then it says, or at least include the temporal relationship. Well, we thought we were trying to lay out a clear, you know. It never succeeds as one expects. And the government's contention is that it is clear and that the body of the opinion indicates at 749 that the issue with the indictment is that it contains neither. And those two options run throughout the Salazar-Lopez opinion, indicating that one has to do one or the other. And the government did the first option. When one gets to Calderón-Segura, again, that court makes clear what Salazar-Lopez means. You have to put one or the other in. And, again, we put in the first option. Counsel cites to Delgado and simply indicate that that opinion is fairly short and it's not entirely clear what the full contents of that indictment are. It indicates that, you know, none of the necessary facts were included, but we don't have a complete recitation of that indictment. To the extent that it broadly reads Salazar-Lopez, Salazar-Lopez controls the clear language. The same we would submit is true for Garcia-Aguilar. There the question is whether or not the advisement of statutory maximums were appropriate. And in this case, as the Court pointed out, Mr. Salazar-Lopez found out that while there may be indictment error, if you go forward and take your chance at trial, you may end up under sub B. And so that the advisement was not faulty. Again, there is a broad reference to Salazar-Lopez, but at the end of the day, Salazar-Lopez means what it says. I have nothing further unless the Court has questions of me. Doesn't appear so. Thank you. So thank you, Mr. Eckstrom. Ms. Pellant. Unless the panel has any questions, I can be submitted. I don't think so. Thank you. The matter just argued will be submitted. And we'll next hear the United States versus show off.
judges: Fletcher, Rymer, Fisher